# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7904 | **DATE** | 12/31/2012 |
| **CASE TITLE** | Joseph Dale Lewis vs. Village of Hanover Park, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motions to proceed *in forma pauperis*, for service of summons, and to amend are granted [3, 4 & 6]. The Court terminates all defendants other than the Village of Hanover Park, Officer Jeff Palace, and Bloomingdale Auto Repair & Towing Inc. and dismisses or stays all claims except for plaintiff's claims against those defendants for violation of due process (part of his first claim) and the Eighth Amendment (his third claim). The U.S. Marshal is appointed to serve these defendants with summons and the amended complaint. The Marshal is directed to send plaintiff any forms necessary to facilitate service of the defendants, and plaintiff is directed to complete and return those forms to the Marshal promptly. The Marshal is directed to make all reasonable efforts to serve these defendants. The Marshal is authorized to mail a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. The case is set for a status hearing on March 11, 2013 at 9:30 a.m. in Judge Kennelly's courtroom (Room 2103). If plaintiff fails to appear at the status hearing, the Court may dismiss the case for want of prosecution.

■[ For further details see text below.]

Docketing to mail notices.

---

# STATEMENT

Joseph Lewis has filed a *pro se* lawsuit against the following parties: the Village of Hanover Park; the village clerk; all of the village trustees; the police chief and a police officer; several private towing firms; the Illinois Attorney General; the Cook County State's Attorney; and a Cook County judge. He sues them under the RICO statute, 42 U.S.C. § 1983, and several federal criminal statutes. Mr. Lewis has moved to proceed *in forma pauperis*, that is, without paying the usual filing fee. The Court therefore reviews his complaint to determine if it is legally or factually frivolous or fails to state a viable legal claim. 28 U.S.C. § 1915(e).

Mr. Lewis says that on July 31, 2012, he was driving in Hanover Park when the female passenger in his car assaulted him. He pulled into a parking lot and tried to remove her from the car when she refused to leave. A Hanover Park police officer arrived and arrested Mr. Lewis for domestic battery and driving under the influence, despite his protestations of innocence. The officer also cited him for driving without liability insurance. Mr. Lewis says that the officer did not read him his rights, though he does not contend that the police elicited any sort of confession or statement from him contrary to his legal rights. Mr. Lewis was taken to court for a bail hearing. He says that the judge whom he has sued made statements indicating bias, though he did order Mr. Lewis's release on bond upon posting of $500.

Most of Mr. Lewis's lawsuit involves what happened to his car. He alleges that Hanover Park towed and impounded his vehicle pursuant to a village ordinance that authorizes seizure of a vehicle used in connection with certain types of offenses. Mr. Lewis alleges that he had to pay a $500 administrative fee to the village

and a $235 towing charge to a towing company to get his car back. He alleges that it is illegal, improper, and unfair to impose this sort of charge on him before any determination of guilt for the underlying offense. He further alleges that Hanover Park is using the ordinance to profit at the expense of persons who have been not been adjudicated to have done anything wrong. He also alleges that Hanover Park acts in concert with towing companies that jack up the charges to unreasonably high levels.

Mr. Lewis's first claim appears to include both a claim under RICO and a claim that his constitutional due process rights were violated. Mr. Lewis has failed to plead the elements of a RICO violation. RICO requires, among other things, a pattern of racketeering activity. 18 U.S.C. §§ 1962(c) & 1961(1) & (5). Hanover Park acted pursuant to a duly enacted ordinance. Even if the ordinance might be considered unfair on its face or in its application, that does not mean that Hanover Park's impoundment of the car and assessment of fees amounts to extortion or any other sort of crime. The RICO claim is therefore legally frivolous.

Mr. Lewis's second claim is an equal protection claim. He appears to contend that the domestic battery law is applied in a discriminatory way against men due to their gender. He attributes a discriminatory attitude to the Illinois Attorney General and says that this has "filtered down" to the Cook County State's Attorney. Mr. Lewis's fourth claim also concerns the criminal charges against him; he says that his rights are being violated in various ways in connection with the pending prosecution. The fourth claim is focused on the proceedings that have occurred in court. *See* Am. Compl. at 18-20. The second and fourth claims are subject to the requirement of abstention under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). As the Seventh Circuit has stated:

> Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances" exist. Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies.

*Olsson v. Curran*, 328 Fed. Appx. 334, 335 (7th Cir. 2009). Even were that not the case, the prosecutors and judge whom Mr. Lewis has sued are immune from suit for the actions in question. *See, e.g., Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012) (absolute prosecutorial immunity); *DeVang v. Hoover*, 478 Fed. Appx. 326 (7th Cir. 2012) (absolute judicial immunity).

This leaves the due process claim that is contained in Mr. Lewis's first claim, as well as his third claim, in which Mr. Lewis appears to allege that the fees he had to pay amount to excessive fines that violate the Eighth Amendment. The Court will permit the case to proceed on these claims and these claims alone. This does not constitute approval of these claims on their merits, but rather simply a determination that the lawsuit may proceed to the next step with regard to these claims.

Because these claims concern the Hanover Park towing / impoundment ordinance and its application in Mr. Lewis's case, the only appropriate defendants among those whom Mr. Lewis has named are Hanover Park itself, the arresting officer, and Bloomingdale Auto Repair & Towing, the towing company that allegedly towed Mr. Lewis's car. The village clerk and trustees may not properly be sued with regard to the adoption of the ordinance, and Mr. Lewis has identified no involvement by any of them in his particular case. Mr. Lewis likewise has not alleged that the police chief was involved in his case in any way. He also sues two other towing companies but does not allege that they did anything that affected him in any way. Those towing companies are not proper defendants either.

**STATEMENT**

The Clerk is directed to issue summonses to the Village of Hanover Park, Officer Jeff Palace, and Bloomingdale Auto Repair & Towing Inc. The U.S. Marshal is appointed to serve those defendants with summons and the complaint. The Marshal is directed to send plaintiff any forms necessary to facilitate service of the defendants, and plaintiff is directed to complete and return those forms to the Marshal promptly. The Marshal is directed to make all reasonable efforts to serve the defendants. The Marshal is authorized to mail a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.